**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

ERIC BLACKSHEAR,

                                        Petitioner,

                                                                        9:17-CV-0143
                    v.                                                  (MAD/DJS)

DALE ARTUS, *Superintendent*,

                                        Respondent.

**APPEARANCES:**                                      **OF COUNSEL:**

ERIC BLACKSHEAR
Petitioner, *Pro Se*
11-B-1435
Attica Correctional Facility
Box 149
Attica, NY 14011

HON. LETITIA JAMES                                    LISA E. FLEISCHMANN, ESQ.
Attorney General of the State of New York
Attorney for Respondent
28 Liberty Street
New York, NY 10005

**DANIEL J. STEWART**
**United States Magistrate Judge**

                    **REPORT-RECOMMENDATION and ORDER**[1]

        *Pro se* Petitioner Eric Blackshear, currently incarcerated at Attica Correctional Facility,

seeks a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  Petitioner's incarceration stems from

his conviction on March 18, 2011 of multiple counts of murder, robbery, burglary, and criminal

possession of a weapon.  Dkt. No. 14, Supplemental State Court Record, Supp. SR., p. 11.  Petitioner

---

[1] This matter was referred to the undersigned for a report-recommendation pursuant to 28 U.S.C. § 636(b) and
N.D.N.Y.L.R. 72.3(c)).

asserts the following grounds for relief: (1) there was no evidence submitted to the jury which corroborated Randolph Brown's testimony that Petitioner was involved in the home invasion and murder; (2) the convictions were contrary to the weight of the evidence; (3) the evidence was insufficient to support the conviction for intentional murder; (4) the trial court's improper admission into evidence of certain property stolen by Randolph Brown denied Petitioner his right to a fair trial; (5) the court's failure to give an instruction on circumstantial evidence deprived Petitioner of a fair trial; and (6) Petitioner was denied a fair trial when the court failed to dismiss a trial juror. Dkt. No. 1, Pet. Respondent opposes the Petition and contends that the application should be denied. Dkt. No. 11-1, Resp.'s Mem. of Law. For the reasons that follow, it is recommended that this action be dismissed in its entirety.

## I. BACKGROUND

On January 26, 2010, Petitioner was arrested regarding the January 22, 2010 shooting, burglary, and robbery of Shaun Vaughn. Petitioner was suspected of being involved with the crimes, along with two other individuals, Randolph Brown and Vincent Enos.

On September 29, 2010, Petitioner was indicted on charges of Murder in the Second Degree, in violation of Section 125.25, Subdivision 3, of the Penal Law of the State of New York; Murder in the Second Degree, in violation of Section 125.25, subdivision 1, of the Penal Law of the State of New York; Robbery in the First Degree, in violation of Section 160.15, subdivision 2, of the Penal Law of the State of New York; Robbery in the First Degree, in violation of Section 160.15, subdivision 4, of the Penal Law of the State of New York; Burglary in the First Degree, in violation of Section 140.30, subdivision 1, of the Penal Law of the State of New York; Burglary in the First Degree in violation of Section 140.30, subdivision 4, of the Penal Law of the State of New York;

Burglary in the Second Degree in violation of Section 140.25, subdivision 2, of the Penal Law of the State of New York; Criminal Possession of a Weapon in the Second Degree in violation of Section 265.03, subdivision 1(b), of the Penal Law of the State of New York; and Murder in the Second Degree in violation of Section 125.25, subdivision 3, of the Penal Law of the State of New York.  Supp. SR. at pp. 12-15.  A trial was held, at which Randolph Brown testified, and on March 18, 2011, the jury found Petitioner guilty of all charges.  Dkt. No. 12-6 at pp. 118-121.[2]  The court sentenced Petitioner to concurrent terms of 25 years to life on all three murder counts, and concurrent determinate terms of 25 years, plus 5 years post-release supervision, on the two first-degree burglary counts, and 15 years, plus 5 years post-release supervision, on the second-degree burglary.  For the robbery counts, the court imposed 25-year terms, plus 5 years post-release supervision, on the first-degree counts and 15 years, plus 5 years post-release supervision, on the weapon count; the court ordered these terms to run concurrently with each other but consecutively to the burglary sentences.  Supp. SR. at pp. 119-120.

Petitioner appealed his conviction to the Appellate Division, Fourth Department, which modified the judgment by ordering the weapon possession sentence to run concurrently with the first-degree burglary charge, but otherwise affirmed the conviction and sentence.  *People v. Blackshear*, 125 A.D.3d 1384, 1384 (4th Dep't 2015).  Leave to appeal to the New York Court of Appeals was denied.  *People v. Blackshear*, 25 N.Y.3d 987 (2015).  Petitioner then filed a coram nobis motion in the Appellate Division; the Appellate Division denied his motion.  *People v. Blackshear*, 142 A.D.3d 1402 (4th Dep't 2016).  This proceeding followed.

---

[2] Citations to state court records in Docket Number 12 are to the pagination assigned by the Court's CM/ECF system.

## II. DISCUSSION

### A. Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), a petitioner bears the burden of proving by a preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Jones v. Vacco,* 126 F.3d 408, 415 (2d Cir. 1997); *Rivera v. New York*, 2003 WL 22234697, at *3 (S.D.N.Y. Aug. 28, 2003). A federal court may not grant habeas relief to a state prisoner on a claim unless the state court adjudicated the merits of the claim and such adjudication either

> 1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> 2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Hawkins v. Costello*, 460 F.3d 238, 242 (2d Cir. 2006).

The Second Circuit has summarized the application of the standard of review under AEDPA as follows:

> [u]nder AEDPA, we ask three questions to determine whether a federal court may grant habeas relief: (1) Was the principle of Supreme Court case law relied upon in the habeas petition "clearly established" when the state court ruled? (2) If so, was the state court's decision "contrary to" that established Supreme Court precedent? (3) If not, did the state court's decision constitute an "unreasonable application" of that principle?

*Williams v. Artuz*, 237 F.3d 147, 152 (2d Cir. 2001) (citing *Williams v. Taylor*, 529 U.S. 362 (2000) and *Francis S. v. Stone*, 221 F.3d 100, 108-09 (2d Cir. 2000)). The standard of review under section 2254(d) is "highly deferential" and "demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010). "[A] state prisoner must show that the state

court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

The phrase "clearly established Federal law" refers to "the holdings, as opposed to the dicta, of th[e] Court's decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. at 412. A state court decision is "contrary to" established Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by th[e] Court on a question of law or if the state court decides a case differently than th[e] Court has on a set of materially indistinguishable facts." *Id.* at 413. A state court decision is an "unreasonable application" of established Supreme Court precedent "if the state court identifies the correct governing legal principle from th[e] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* AEDPA also requires that "a determination of a factual issue made by a State court shall be presumed to be correct [and t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also DeBerry v. Portuondo*, 403 F.3d 57, 66 (2d Cir. 2005); *Boyette v. LeFevre*, 246 F.3d 76, 88 (2d Cir. 2001) (quoting 28 U.S.C. § 2254(e)(1)).

### B. Procedural Issues

#### 1. Claims Not Cognizable in Federal Habeas Proceeding

"In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). "[Q]uestion[s] of state law . . . [are] not subject to federal habeas review." *Freeman v. Kadien*, 684 F.3d 30, 35 (2d Cir. 2012). "Simply put, 'federal habeas corpus relief does not lie for

errors of state law.'" *DiGuglielmo v. Smith*, 366 F.3d 130, 137 (2d Cir. 2004) (quoting *Estelle v. McGuire*, 502 U.S. at 67).  Four of Petitioner's claims present pure questions of New York law which are not cognizable on federal habeas review and thus are no basis for relief.

Petitioner's first claim is that there was no evidence corroborating the accomplice's testimony regarding Petitioner's involvement in the crimes.  Pet. at p. 6; Dkt. No. 12-7 at pp. 36-40.  Petitioner's claim is based on the accomplice corroboration requirement under New York State law, N.Y. Crim. Proc. Law § 60.22, and thus "does not constitute a claim in violation of a federal constitutional right, and therefore [ ] is not cognizable on federal habeas corpus review." *Huntley v. Superintendent, Sup. of Southport Corr. Facility*, 2007 WL 319846, at *17 (N.D.N.Y. Jan. 30, 2007) (collecting cases); *see also Reome v. Superintendent, Five Points Corr. Facility*, 2015 WL 4393185, at *10 (N.D.N.Y. July 15, 2015) (citing cases).

Petitioner's second claim is that his convictions "were contrary to the weight of the evidence."  Pet. at p. 7; *see also* Dkt. No. 12-7 at pp. 40-43.  It is clear that "a 'weight of the evidence' argument is a pure state law claim grounded in the criminal procedure statute. . . . Since a 'weight of the evidence claim' is purely a matter of state law, it is not cognizable on habeas review." *Mobley v. Kirkpatrick*, 778 F. Supp.2d 291, 311-12 (W.D.N.Y. April 20, 2011) (citing, *inter alia*, New York Crim. Proc. Law § 470.15(5); 28 U.S.C. § 2254(a); *People v. Bleakley*, 69 N.Y.2d 490, 495 (N.Y. 1987); *Ex parte Craig*, 282 F. 138, 148 (2d Cir. 1922)); *see also Kimbrough v. Bradt*, 949 F. Supp. 2d 341, 360 (N.D.N.Y. 2013) ("It is well-settled that claims attacking a verdict as against the weight of the evidence are not cognizable in a federal habeas proceeding.").

Petitioner's fourth claim alleges that the state trial court erred in improperly admitting the xbox, video games, red book bag, and black box stolen by Randolph Brown into evidence.  Pet. at

p. 7.  In the Appellate Division, Petitioner argued that admitting this evidence "allowed the Prosecution to alter the charges as indicted, thus usurping the powers of the Grand Jury."  Dkt. No. 12-7 at p. 48.  This claim, that admission of the evidence amounted to a constructive amendment of the indictment, changed the prosecution's theory of the case, and thus denied Petitioner a fair trial, is not federally cognizable.  *Espada v. Lee*, 2016 WL 6811628, at *7 (S.D.N.Y. Jan. 12, 2016), *report and recommendation adopted*, 2016 WL 6810858 (S.D.N.Y. Nov. 16, 2016) ("The Fifth Amendment's prohibition against the constructive amendment of indictments does not apply in state criminal prosecutions."); *Player v. Artus*, 2007 WL 708793, at *7 (E.D.N.Y. Mar. 6, 2007) ("constructive amendment claim does not present a federal constitutional question.").

Petitioner's fifth stated ground for relief - the trial court's failure to give a circumstantial evidence charge to the jury, Pet. at p. 10 - is also not cognizable on federal habeas review. "Petitioner's claim that the trial judge erred in denying his request for a circumstantial evidence charge is not cognizable on habeas review because petitioner relies entirely on New York law." *Rodriguez v. Walsh*, 2002 WL 1447483, at *7 (E.D.N.Y. July 2, 2002); *see also McKinney v. Burge*, 2009 WL 666396, at *5 (N.D.N.Y. Mar. 10, 2009) ("challenges to jury instructions that rely on a violation of state law are generally not cognizable on habeas review").

For these reasons, Petitioner's first, second, fourth, and fifth claims for review are no basis for habeas relief.

## 2. *Independent and Adequate State Ground Doctrine*

"Under the independent and adequate state ground doctrine, a federal court sitting in habeas 'will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the

judgment.'" *Richardson v. Greene*, 497 F.3d 212, 217 (2d Cir. 2007) (quoting *Coleman v. Thompson*, 501 U.S. 722, 729 (1991)). "New York's preservation rule, which forbids direct appellate review of issues not preserved at trial, has consistently been held to be an independent and adequate state-law ground." *Brown v. Miller*, 2016 WL 6072397, at *2 (N.D.N.Y. Oct. 17, 2016) (citing *Richardson v. Greene*, 497 F.3d at 219); *see also* N.Y. Crim. Proc. Law § 470.05(2). "This preservation rule is recognized as a firmly established and regularly followed state procedural rule that precludes habeas review." *Belle v. Superintendent*, 2013 WL 992663, at *11 (N.D.N.Y. Mar. 13, 2013). Three of Petitioner's claims are barred from review under this doctrine.

Petitioner's evidentiary challenge regarding the admission of evidence, his challenge regarding the lack of a circumstantial evidence jury instruction, and his claim regarding the trial court's failure to dismiss a juror, Pet. at pp. 7 & 10, are all barred from review here because Petitioner failed to make contemporaneous objections at trial. On direct appeal, the Appellate Division found that all three issues were not preserved for review. *People v. Blackshear*, 125 A.D.3d at 1384-1386. Courts in the Second Circuit routinely find that the failure to comply with this contemporaneous objection rule is an independent and adequate state ground that bars consideration of the habeas claim on the merits. *Smith v. Capra*, 2013 WL 6501693, at *10 (S.D.N.Y. Dec. 11, 2013); *Eugene v. Payant*, 2007 WL 2116375, at *3 (E.D.N.Y. July 13, 2007) (citing cases). Petitioner does not dispute that these matters were not preserved for review. *See generally* Pet. & Dkt. No. 16, Traverse.

Accordingly, grounds four through six in the Petition should be denied.

### 3. Petitioner's Unexhausted Sufficiency of the Evidence Claim

Prior to seeking federal habeas relief, a petitioner must exhaust available state remedies, or

demonstrate that there is either an absence of available state remedies or that such remedies cannot adequately protect the petitioner's rights. *Aparicio v. Artuz*, 269 F.3d 78, 89 (2d Cir. 2001) (quoting 28 U.S.C. § 2254(b)(1)); *Ellman v. Davis*, 42 F.3d 144, 147 (2d Cir. 1994). This exhaustion requirement recognizes "respect for our dual judicial system and concern for harmonious relations between the two adjudicatory institutions." *Daye v. Attorney General of New York*, 696 F.2d 186, 191 (2d Cir. 1982). Though both federal and state courts are charged with securing a state criminal defendant's federal rights, the state courts must initially be given the opportunity to consider and correct any violations of federal law. *Id.* "The chief purposes of the exhaustion doctrine would be frustrated if the federal habeas court were to rule on a claim whose fundamental legal basis was substantially different from that asserted in state court." *Glover v. Bennett*, 1998 WL 278272, at *1 (N.D.N.Y. May 21, 1998) (quoting *Daye v. Attorney General of New York*, 696 F.2d at 192). To satisfy the exhaustion requirement a petitioner must present his claims to the New York Court of Appeals. *Tyson v. Keane*, 159 F.3d 732, 735 (2d Cir. 1998) ("Exhaustion requires presenting a federal claim to the highest court of the state.").

This exhaustion requirement is satisfied if the federal claim has been "fairly presented" to the state courts. *See Dorsey v. Kelly*, 112 F.3d 50, 52 (2d Cir. 1997) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)). A claim has been "fairly presented" if the state courts are apprised of "both the factual and the legal premises of the claim [the petitioner] asserts in federal court." *Daye v. Attorney General of New York*, 696 F.2d at 191; *Morales v. Miller*, 41 F. Supp. 2d 364, 374 (E.D.N.Y. 1999). Thus, "the nature or presentation of the claim must have been likely to alert the court to the claim's federal nature." *Daye v. Attorney General of New York*, 696 F.2d at 192; *Morales v. Miller*, 41 F. Supp. 2d at 374. A claim is "fairly presented" through:

*-9-*

> (a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation.

*Jackson v. Edwards*, 404 F.3d 612, 618 (2d Cir. 2005) (quoting *Daye v. Attorney General of New York*, 696 F.2d at 194).

Ground three of the Petition alleges that the evidence was legally insufficient to support Petitioner's murder conviction. Pet. at p. 7. This claim, unlike the weight of the evidence challenge discussed above, is cognizable on federal habeas review. *Estrada v. West*, 2009 WL 909623, at *2 (N.D.N.Y. Mar. 31, 2009). Petitioner, however, did not exhaust this claim in the state courts because he did not raise this issue to the Court of Appeals on direct review. *See* Dkt. No. 12-7 at pp. 96-97.[3] As such, Petitioner did not "present his federal constitutional claims to the highest court of the state" on this claim. *Grey v. Hoke*, 933 F.2d at 119. This claim, however, can now be deemed exhausted because Petitioner is procedurally barred from presentation to the Court of Appeals. *See id.* at 120. Petitioner "cannot again seek leave to appeal these claims in the Court of Appeals because he has already made the one request for leave to appeal to which he is entitled." *Id.* Petitioner has no state court forum in which to exhaust this record-based claim, so the Court must deem it exhausted and procedurally defaulted from habeas review. *See Anzalone v. Superintendent, Franklin Corr. Facility*, 2012 WL 591072, at *6 (W.D.N.Y. Feb. 22, 2012).

---

[3] While Petitioner also included his Appellate Division brief with his leave application, he requested leave "particularly" as to four issues, not including the sufficiency of the evidence claim. By singling out certain issues but not others "petitioner abandoned the other issues, including the insufficiency of the evidence claims." *Bonilla v. Griffin*, 2019 WL 3842599, at *8 (E.D.N.Y. Aug. 15, 2019) (citing *Galdamez v. Keane*, 394 F.3d 68, 74 (2d Cir. 2005) and *Grey v. Hoke*, 933 F.2d 117, 120 (2d Cir. 1991)).

-10-

As such, these claims are deemed exhausted. "[P]etitioner's forfeiture in state court of his [unexhausted claim] bars him from litigating the merits of those claims in federal habeas proceedings, absent a showing of cause for the procedural default and prejudice resulting therefrom." *Grey v. Hoke*, 933 F.2d at 121. Petitioner, however, "does not claim any cause for his failure to raise this claim and thus cannot meet the cause and prejudice standard." *Desrosiers v. Phillips*, 2007 WL 2713354, at *3 (E.D.N.Y. Sept. 13, 2007). As a result, this claim should be dismissed. *Mercado v. Lempke*, 2011 WL 5223604, at *12 (S.D.N.Y. July 25, 2011), *report and recommendation adopted*, 2011 WL 6122290 (S.D.N.Y. Dec. 7, 2011) (dismissing habeas claim where "Petitioner does not allege cause and prejudice or a fundamental miscarriage of justice that would allow this Court to circumvent his procedural default and review the claim."); *Lowman v. New York*, 2011 WL 90996, at *10 (W.D.N.Y. Jan. 11, 2011) (similar).

## C. Consideration of the Merits

The procedural impediments outlined above are sufficient bases for denying the Petition. In the interest of completeness, however, the Court will address the merits of Petitioner's claims as well.

Petitioner first seeks relief based on the lack of evidence to corroborate Brown's testimony which implicated him. Petitioner, however, has not identified any federal right requiring corroboration of an accomplice's testimony "nor does one appear to exist." *Dann v. Rabideau*, 2008 WL 2704900, at *6 (N.D.N.Y. July 7, 2008). Courts have consistently recognized that a claim of this nature is no basis for a federal constitutional claim. *Arrington v. Bradt*, 2009 WL 909841, at *9 (N.D.N.Y. Apr. 2, 2009) (citing cases).

As noted above, Petitioner's second claim - that his conviction was contrary to the weight

of the evidence - also presents no federal claim. "Since federal habeas corpus review is not available to remedy mere errors of state law, no cognizable federal issue is presented by a habeas claim challenging the weight of the evidence adduced at trial." *Chaplin v. Kirkpatrick*, 2018 WL 6605917, at *4 (N.D.N.Y. Dec. 17, 2018) (internal citation omitted).

Ground three in the Petition alleges that the evidence was legally insufficient. This claim lacks merit. The Appellate Division found that the verdict was supported by legally sufficient evidence. *People v. Blackshear*, 125 A.D.3d at 1385. Nothing in the record establishes that this finding was contrary to, or involved an unreasonable application of, clearly established Federal law or was based on an unreasonable determination of the facts as is required under 28 U.S.C. § 2254(d) for Petitioner to show relief is appropriate.

"The evidence is sufficient to support a conviction whenever, 'after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Parker v. Matthews*, 567 U.S. 37, 43 (2012) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Under the AEDPA "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" *Cavazos v. Smith*, 565 U.S. 1, 2 (2011) (quoting *Renico v. Lett*, 559 U.S. at 773). As a result "[a] petitioner who challenges a conviction on the sufficiency of the evidence bears a 'very heavy burden.'" *Jones v. Conway*, 2008 WL 904899, at *7 (N.D.N.Y. Mar. 31, 2008) (quoting *Ponnapula v. Spitzer*, 297 F.3d 172, 179 (2d. Cir. 2002)).

"Considered under the twice-deferential standard imposed under the AEDPA, Petitioner's sufficiency of the evidence claim clearly lacks merit." *Edwards v. Kirkpatrick*, 2018 WL 7269750,

at *5 (N.D.N.Y. Oct. 9, 2018), *report and recommendation adopted*, 2019 WL 180599 (N.D.N.Y. Jan. 14, 2019) (internal quotation and citation omitted). Petitioner claims a lack of evidence because Brown never testified that he saw Petitioner with a gun on the day in question or go upstairs with the victim, or take anything. Pet. at p. 9. In finding legally sufficient evidence to support Petitioner's conviction the Appellate Division recounted the evidence as follows:

> a witness testified that defendant came to her apartment shortly after the incident carrying a .44 caliber revolver, the same caliber as the weapon used in the murder, according to the trial testimony of a firearms examiner. Furthermore, the witness heard defendant say that he had shot the victim and "c[ouldn't] believe what [he] did today." The People also presented evidence, which the jury reasonably could have credited, that defendant's DNA was found on a $100 bill that they alleged was stolen from the murder victim.

*People v. Blackshear*, 125 A.D.3d at 1385. Petitioner "bears the burden of establishing by clear and convincing evidence that these factual findings were erroneous," *Kulakov v. Superintendent, Great Meadow Corr. Facility*, 2012 WL 5996090, at *4 (N.D.N.Y. Nov. 30, 2012), and on this record he simply has not met that burden.

Petitioner next alleges that the trial court erred in admitting certain evidence. "A State court's evidentiary rulings, even if erroneous under State law, generally do not present constitutional issues cognizable in a habeas corpus petition." *Linton v. Bradt*, 775 F. Supp. 2d 574, 577 (E.D.N.Y. 2011). "Rather, the writ would issue only where petitioner can show that the error deprived her of a fundamentally fair trial." *Taylor v. Curry*, 708 F.2d 886, 891 (2d Cir. 1983) (citing cases). Petitioner argues only that had the evidence not been allowed the jury would have been in a "different state of mind." Pet. at p. 9. The evidence was clearly relevant to the burglary counts lodged against Petitioner and helped to establish Petitioner's presence at the scene of the crime. Petitioner offers nothing to contradict these facts or in support of his conclusory assertion of

*-13-*

prejudice from the introduction of the evidence.  This claim, therefore, lacks merit because "[i]t is well-settled in this Circuit that vague and conclusory allegations that are unsupported by specific factual averments are insufficient to state a viable claim for habeas relief." *Kimbrough v. Bradt*, 949 F. Supp. 2d 341, 355 (N.D.N.Y. 2013).

Petitioner's fifth claim, regarding the failure of the state court to instruct the jury regarding circumstantial evidence is no basis for federal habeas relief because there is "no constitutional requirement that a state court issue a circumstantial-evidence instruction to the jury, even where the evidence presented is purely circumstantial." *Sorrentino v. Lavalley*, 2016 WL 3460418, at *4 (S.D.N.Y. June 21, 2016) (citing cases).

Petitioner's final claim for relief is that the trial court erred when it failed to dismiss a juror who may have lied about a criminal history and who worked in the same hospital as Vaughn's mom. Dkt. No. 12-5 at pp. 33-43.  In New York "[t]he standard for removing a sworn juror who is alleged to be 'grossly unqualified' is met 'when it becomes obvious that a particular juror possesses a state of mind which would prevent the rendering of an impartial verdict.'" *Sweeney v. Superintendent of the Watertown Corr. Facility*, 2007 WL 2176987, at *6 (E.D.N.Y. July 27, 2007) (quoting *People v. Buford*, 69 N.Y.2d 290, 298 (1987).  "A federal habeas court can only overturn the trial court's finding of juror impartiality for manifest error." *Id.* (citing *Patton v. Yount*, 467 U.S. 1025, 1031 (1984)).  The Appellate Division found no error on the part of the trial court regarding this juror's continued service holding that "there is nothing in the record establishing that the court which had the opportunity of observing and speaking with the juror firsthand, did not properly conclude that the juror was qualified to serve." *People v. Blackshear*, 125 A.D.3d at 1386.  "[I]dentification of juror bias is a factual finding concerning the juror's state of mind that is decidedly within the

province of the trial judge. . . . [t]he decision of the Appellate Division 'was not contrary to, [n]or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States' at the time the Appellate Division rendered its decision nor 'was [the decision] based on unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Shaw v. Superintendent, Eastern Corr. Facility*, 2012 WL 4854643, at *8 (N.D.N.Y. Oct. 11, 2012).

For these reasons, the Court recommends, in the alternative, that the Petition be dismissed on the merits.

### III. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that the Petition (Dkt. No. 1) be **DENIED** and **DISMISSED**; and it is further

**RECOMMENDED**, that no Certificate of Appealability ("COA") be issued because Petitioner has failed to make "a substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2).[4] Any further request for a COA must be addressed to the Court of Appeals (FED. R. APP. P. 22(b)); and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court.

---

[4] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see also Richardson v. Greene*, 497 F.3d 212, 217 (2d Cir. 2007) (holding that, if the court denies a habeas petition on procedural grounds, "the certificate of appealability must show that jurists of reason would find debatable two issues: (1) that the district court was correct in its procedural ruling, *and* (2) that the applicant has established a valid constitutional violation").

**FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72 & 6(a).

Dated:   October 30, 2019
       Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

*-16-*