UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ERIC BLACKSHEAR,

                              Petitioner,

  vs.                                                   9:17-CV-143
                                                                      (MAD/DJS)

DALE ARTUS, *Superintendent*,

                              Respondent.

---

APPEARANCES:                                 OF COUNSEL:

ERIC BLACKSHEAR
11-B-1435
Attica Correctional Facility
Box 149
Attica, New York 14011
Petitioner *pro se*

OFFICE OF THE NEW YORK          LISA E. FLEISCHMANN, ESQ.
STATE ATTORNEY GENERAL
28 Liberty Street
New York, New York 10005
Attorneys for Respondent

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

     Petitioner Eric Blackshear ("Petitioner") filed a petition on October 25, 2016 for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge state criminal trial proceedings, which took place in Oneida County Court in March 2011. *See* Dkt. No. 1. Petitioner asserts six grounds for habeas relief and alleges that these errors deprived him of a fair trial. *See* Dkt. No. 1 at ¶ 22. Respondent opposed the petition and contends that it should be denied. *See* Dkt. No. 11-1. In an

October 30, 2019 Report-Recommendation and Order, Magistrate Judge Daniel J. Stewart recommended denial and dismissal of the petition in its entirety. *See* Dkt. No. 17.

## II. BACKGROUND

Petitioner was convicted in 2011 of multiple counts of murder, robbery, burglary, and criminal possession of a weapon. *See* Dkt. No. 14 at 11. These convictions stemmed from an arrest after the January 22, 2010 shooting, burglary, and robbery of Shaun Vaughn, events that Petitioner was suspected of participating in along with Randolph Brown and Vincent Enos. *See* Dkt. No. 17 at 2.

On September 29, 2010, Petitioner was indicted on charges of Murder in the Second Degree in violation of Section 125.25, subdivision 3, of the New York State Penal Law ("Penal Law"); Murder in the Second Degree in violation of Section 125.25, subdivision 1, of the Penal Law; Robbery in the First Degree in violation of Section 160.15, subdivision 2, of the Penal Law; Robbery in the First Degree in violation of Section 160.15, subdivision 4, of the Penal Law; Burglary in the First Degree in violation of Section 140.30, subdivision 1, of the Penal Law; Burglary in the First Degree in violation of Section 140.30, subdivision 4, of the Penal Law; Burglary in the Second Degree in violation of Section 140.25, subdivision 2, of the Penal Law; Criminal Possession of a Weapon in the Second Degree in violation of Section 265.03, subdivision 1(b), of the Penal Law; and Murder in the Second Degree in violation of Section 125.25, subdivision 3, of the Penal Law. *See* Dkt. No. 14 at 14–17.

After a jury trial, which included the testimony of Randolph Brown, Petitioner was found guilty of all charges on March 18, 2011. *See* Dkt. No. 12-6 at 118–21. The court sentenced Petitioner to concurrent terms of twenty-five years to life on all three murder counts, and concurrent determinate terms of twenty-five years, plus five years post-release supervision, on the

2

second degree burglary count. For the robbery counts, the court imposed twenty-five year terms, plus five years post-release supervision, on the first-degree counts and fifteen years, plus five years post-release supervision, on the weapon count; the court ordered these terms to run concurrently with each other but consecutively to the burglary sentence. *See* Dkt. No. 14 at 121–22.

Petitioner appealed his conviction to the Appellate Division, Fourth Department, which affirmed his conviction and sentence with the exception of a modification of the judgment by ordering the weapon possession sentence to run concurrently with the first-degree burglary charge. *See People v. Blackshear*, 125 A.D.3d 1384, 1384 (4th Dep't 2015). Leave to appeal to the New York Court of Appeals was denied. *People v. Blackshear*, 25 N.Y.3d 987 (2015). Thereafter, Petitioner filed a *coram nobis* motion in the Appellate Division, which was subsequently denied. *See People v. Blackshear*, 142 A.D.3d 1402 (4th Dep't 2016).

On October 25, 2016, Petitioner filed a *pro se* habeas petition challenging his conviction. *See* Dkt. No. 1. Petitioner has asserted six grounds for habeas relief: (1) there was no evidence submitted to the jury which corroborated Randolph Brown's testimony that Petitioner was involved in the home invasion and murder; (2) the convictions were contrary to the weight of evidence; (3) the evidence was insufficient to support the conviction for intentional murder; (4) the trial court's improper admission into evidence of certain property stolen by Randolph Brown denied Petitioner his right to a fair trial; (5) the court's failure to give an instruction on circumstantial evidence deprived Petitioner of a fair trial; and (6) Petitioner was denied a fair trial when the court failed to dismiss a trial juror. *See id.* at ¶ 22. Respondent, the Superintendent of the Attica Correctional Facility, Dale Artus, ("Respondent") opposed the petition on July 14, 2017. *See* Dkt. No. 11. In a Report-Recommendation and Order dated October 30, 2019,

Magistrate Judge Stewart recommended that Petitioner's petition be denied and dismissed in all respects. *See* Dkt. No. 17 at 15.

## III. DISCUSSION

**A.     Standard of Review**

*1. AEDPA*

The enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA") brought about significant new limitations on the power of a federal court to grant habeas relief to a state prisoner under 28 U.S.C. § 2254. In discussing this deferential standard, the Second Circuit noted in *Rodriguez v. Miller*, 439 F.3d 68 (2d Cir. 2006), *cert. granted, judgment vacated and cases remanded on other grounds by,* 549 U.S. 1163 (2007), that

> a federal court may award habeas corpus relief with respect to a claim adjudicated on the merits in state court only if the adjudication resulted in an outcome that: (1) was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

*Id*. at 73 (quoting 28 U.S.C. § 2254(d)) (footnote omitted); *see also DeBerry v. Portuondo*, 403 F. 3d 57, 66 (2d Cir. 2005) (quotation omitted); *Miranda v. Bennett*, 322 F.3d 171, 178 (2d Cir. 2003) (quotation omitted).

In providing guidance concerning the application of this test, the Second Circuit has observed that

> a state court's decision is "contrary to" clearly established federal law if it contradicts Supreme Court precedent on the application of a legal rule, or addresses a set of facts "materially indistinguishable" from a Supreme Court decision but nevertheless comes to a different conclusion than the Court did. [*Williams v. Taylor*, 529 U.S. 362] at 405-06, 120 S. Ct. 1495 [(2000)]; *Loliscio v. Goord*, 263 F.3d 178, 184 (2d Cir. 2001). . . . [A] state court's decision is

4

> an "unreasonable application of" clearly established federal law if
> the state court "identifies the correct governing legal principle from
> [the Supreme] Court's decisions but unreasonably applies that
> principle to the facts" of the case before it. *Williams*, 529 U.S. at
> 413, 120 S. Ct. 1495.

*Thibodeau v. Portuondo*, 486 F.3d 61, 65 (2d Cir. 2007); *see also Williams v. Artuz*, 237 F.3d 147, 152 (2d Cir. 2001) (citing *Francis S. v. Stone*, 221 F.3d 100, 108–09 (2d Cir. 2000)).

Significantly, a federal court engaged in habeas review is not charged with determining whether a state court's determination was merely incorrect or erroneous, but instead whether such determination was "objectively unreasonable." *Williams v. Taylor*, 529 U.S. 362, 409 (2000); *see also Sellan v. Kuhlman*, 261 F.3d 303, 315 (2d Cir. 2001) (citation omitted). Courts have interpreted "objectively unreasonable" in this context to mean that "some increment of incorrectness beyond error" is required for the habeas court to grant the application. *Earley v. Murray*, 451 F.3d 71, 74 (2d Cir. 2006) (quotation omitted).

As the Second Circuit has further instructed, the necessary predicate for a federal habeas court's deferential review is that a petitioner's federal claim has been "adjudicated on the merits" by the state court. *Cotto v. Herbert*, 331 F.3d 217, 230 (2d Cir. 2003). "If a state court has not adjudicated the claim 'on the merits,'" the federal habeas court applies the pre-AEDPA standards, and reviews *de novo* the state court disposition of the petitioner's federal claims. *Id.* (quoting *Aparicio v. Artuz*, 269 F.3d 78, 93 (2d Cir. 2001)). "[A] state court 'adjudicates' a petitioner's federal constitutional claims 'on the merits' when 'it (1) disposes of the claim "on the merits," and (2) reduces its disposition to judgment.'" *Norde v. Keane*, 294 F.3d 401, 410 (2d Cir. 2002) (quoting *Sellan v. Kuhlman*, 261 F.3d 303, 312 (2d Cir. 2001)). To determine whether a state court has disposed of a claim on the merits, a court will consider: "(1) what the state courts have done in similar cases; (2) whether the history of the case suggests that the state court was aware of

any ground for not adjudicating the case on the merits; and (3) whether the state court's opinion suggests reliance upon procedural grounds rather than a determination on the merits." *Aparicio*, 269 F.3d at 93 (quoting *Sellan*, 261 F.3d at 314).

### 2. Review of a Report and Recommendation

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). When a party files general objections, however, the court reviews those recommendations for clear error. *See O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point") (citation omitted). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 958 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states

6

that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

**B.     The Petition**

Petitioner's habeas petition sets forth multiple claims that require consideration on both procedural and merit-based grounds. Each claim was considered by Magistrate Judge Stewart, and review of those findings is considered in turn below.

*1. Procedural Arguments*

*i. Claims not Cognizable in Federal Habeas Corpus Proceedings*

Federal habeas corpus review is not available to remedy mere errors of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67–69 (1991); *see also Freeman v. Kadien*, 684 F.3d 30, 35 (2d Cir. 2012) ("[Q]uestion[s] of state law . . . [are] not subject to federal habeas review"). Magistrate Judge Stewart correctly determined that four of Petitioner's claims present pure questions of New York law, and are therefore not cognizable on federal habeas review and provide no basis for relief.

Petitioner's first claim alleges that there was no evidence corroborating an accomplice's testimony regarding Petitioner's involvement in the crimes for which he was convicted. *See* Dkt. No. 1 at 6; Dkt. No. 12-7 at 36–40. "[P]etitioner's claim that the accomplice testimony . . . was not sufficiently corroborated is based solely on the accomplice corroboration requirement of New York state law, *see* N.Y. C.P.L. § 60.22, does not constitute a claim in violation of a federal constitutional right, and therefore also is not cognizable on federal habeas corpus review." *Huntley v. Superintendent, Supt. of Southport Corr. Facility*, No. 9:00CV191, 2007 WL 319846, *17 (N.D.N.Y. Jan. 30, 2007) (collecting cases).

Petitioner's second claim alleges that his convictions "were contrary to the weight of the evidence." Dkt. No. 1 at 7; Dkt. No. 12-7 at 40–43. Review of a conviction as against the "weight of the evidence" is a product of New York state statute and, therefore, merely a state-law issue for which no cognizable federal issue is presented. *See Ward v. Herbert*, 509 F. Supp. 2d 253, 264 & n.3 (W.D.N.Y. 2007) (citations omitted).

Petitioner's fourth claim alleges that the state trial court erred in improperly admitting evidence of an Xbox, video games, red book bag, and black box stolen by Randolph Brown. *See* Dkt. No. 1 at 7; Dkt. No. 12-7 at 47–49. Petitioner argued on appeal that by "allowing in such evidence before the jury, the Court, in essence, allowed the Prosecution to alter the charges as indicted, thus, usurping the powers of the Grand Jury and depriving the Appellant due process and his Constitutional right to a fair trial on the charges for which he was indicted." Dkt. No. 12-7 at 48. A claim that admission of evidence amounted to a constructive amendment of an indictment in violation of an individual's right to a fair trial "does not present a federal constitutional question." *Player v. Artus*, No. 06 CV 2764, 2007 WL 708793, *7 (E.D.N.Y. Mar. 6, 2007).

Petitioner's fifth claim alleges that the trial court failed to give a circumstantial evidence charge to the jury. *See* Dkt. No. 1 at 10; Dkt. No. 12-7 at 50–52. "Petitioner's claim that the trial judge erred in denying his request for a circumstantial evidence charge is not cognizable on habeas review because petitioner relies entirely on New York law. . . . There is no due process right under the federal constitution to a special jury instruction when a case is founded on circumstantial evidence . . . ." *Rodriguez v. Walsh*, No. 00-CV-663, 2002 WL 1447483, *7 (E.D.N.Y. July 2, 2002) (citations omitted).

As such, Magistrate Judge Stewart correctly determined that the Court should reject Petitioner's first, second, fourth, and fifth claims insofar as they do not allege a basis for habeas relief.

### *ii. Independent and Adequate State Ground Doctrine*

Federal habeas review of a state-court conviction is prohibited if a state court rested its judgment on a state law ground that is "independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991) (citations omitted). "This rule applies whether the state law ground is substantive or procedural." *Id.* (citation omitted). Thus, if the state court "explicitly invokes a state procedural bar rule as a separate basis for decision[,]" the federal court is precluded from considering the merits of the federal claim in a habeas petition. *Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989).

Instead, the federal court's scope of review is limited to the adequacy of the state law basis to bar federal habeas review. *See Whitley v. Ercole*, 642 F.3d 278, 286 (2d Cir. 2011) ("Our task is not to determine whether [the state] ruling was correct, but to determine its adequacy to preclude federal habeas review") (quoting *Cotto v. Herbert*, 331 F.3d 217, 247 (2d Cir. 2003)). The Second Circuit has typically assessed the adequacy of a "state ground of decision by examining whether the rule upon which the state court relied is 'firmly established and regularly followed.'" *Downs v. Lape*, 657 F.3d 97, 102 (2d Cir. 2011) (quoting *Walker v. Martin*, 562 U.S. 307, 316 (2011)). However, in exceptional cases where a state court has engaged in an "exorbitant application of a generally sound rule," the independent state law grounds will be rendered inadequate to prevent review by the federal habeas court. *Downs*, 657 F.3d at 102 (quoting *Lee v. Kemna*, 534 U.S. 362, 376 (2002)). "To determine whether [a] case involves an exorbitant misapplication of a state rule, [a court will] look to see if the state's application serves a

9

legitimate state interest." *Downs*, 657 F.3d at 102 (footnote omitted). In evaluating the state interest in a procedural rule against the circumstances of a particular case, the Second Circuit has adopted three criteria which serve as guideposts in a court's evaluation:

> "(1) whether the alleged procedural violation was actually relied on in the trial court, and whether perfect compliance with the state rule would have changed the trial court's decision; (2) whether state caselaw indicated that compliance with the rule was demanded in the specific circumstances presented; and (3) whether petitioner had substantially complied with the rule given the realities of trial, and, therefore, whether demanding perfect compliance with the rule would serve a legitimate governmental interest."

*Kozlowski v. Hulihan*, 511 Fed. Appx. 21, 25 (2d Cir. 2013) (quoting *Cotto v. Herbert*, 331 F.3d 217, 240 (2d Cir. 2003)).

Under New York law, a timely objection must be interposed in order to preserve a claimed error for appellate review. *See* N.Y. C.P.L. § 470.05(2). The failure to comply with this contemporaneous objection rule has consistently been found to constitute an adequate and independent state law ground precluding habeas review. *See, e.g.*, *Downs*, 657 F.3d at 102; *Whitley*, 642 F.3d at 286.

Petitioner's fourth, fifth, and sixth claims, which constitute an evidentiary challenge regarding the admission of evidence, a challenge regarding the lack of a circumstantial evidence jury instruction, and a claim regarding the trial court's failure to dismiss a juror, are all barred from habeas review because Petitioner failed to make contemporaneous objections at trial. *See* Dkt. No. 1 at 7, 10; Dkt. No. 12-7 at 47–61. On direct appeal, the Appellate Division found that all three issues were not preserved for review. *People v. Blackshear*, 125 A.D.3d at 1384–86.

Magistrate Judge Stewart correctly found that Petitioner's fourth, fifth, and sixth claims are precluded by the adequate and independent ground doctrine due to his failure to object in order to

preserve the claimed errors for appellate review. Accordingly, the Court denies the petition on this ground.

### iii. Unexhausted Sufficiency of the Evidence Claim

An application for a writ of habeas corpus may not be granted until a petitioner exhausts all remedies available in state court unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. §§ 2254(b)(1)(A), (B)(I), (ii). The exhaustion requirement "is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings[.]" *Jimenez v. Walker*, 458 F.3d 130, 148–49 (2d Cir. 2006) (quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982)).

To properly exhaust his claims, a petitioner must do so both procedurally and substantively. Procedural exhaustion requires that he raise all claims in state court prior to raising them in a federal habeas corpus petition. Substantive exhaustion requires that the petitioner "fairly present" each claim for habeas relief in "each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted). The petitioner must also use the proper procedural vehicle so that the state court may determine the merits of his claims. *See Dean v. Smith*, 753 F.2d 239, 241 (2d Cir. 1985).

If a court determines that a claim is unexhausted, it considers whether the claim is procedurally defaulted. *See Aparicio v. Artuz*, 269 F.3d 78, 89–90 (2d Cir. 2001). Once a claim has been deemed procedurally defaulted, it is subject to dismissal unless the petitioner can demonstrate "cause for the default and prejudice, or demonstrate that failure to consider the claim will result in a miscarriage of justice[.]" *Id.* at 90 (citing *Coleman*, 501 U.S. at 735 n.1). To

establish cause for the default, a petitioner must show that some "objective factor external to the defense impeded [his] efforts to comply with the State's procedural rule." *Coleman*, 501 U.S. at 753 (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)); *accord, Maples v. Thomas*, 565 U.S. 266, 281 (2012). On a writ for habeas relief, the court need not examine the issue of prejudice if a petitioner fails to establish adequate cause for his procedural default because habeas relief is generally unavailable as to procedurally defaulted claims unless both cause and prejudice are demonstrated. *Carrier*, 477 U.S. at 496.

In his Report-Recommendation and Order, Magistrate Judge Stewart correctly found that Petitioner's third claim, that evidence was legally insufficient to support his murder conviction, is procedurally defaulted because he is no longer eligible to raise it in any state forum. *See Grey v. Hoke*, 933 F.2d 117, 120–21 (2d Cir. 1991) (holding that the petitioner met his statutory exhaustion requirement because he no longer had "remedies available" in New York). Here, Petitioner has already appealed under the New York Criminal Procedure Law, and he failed to apprise the Appellate Division of any insufficiency of the evidence claim. Dkt. No. 12-7 at 96–97. By singling out certain issues in his leave application but not the sufficiency of the evidence claim, "petitioner abandoned the other issues, including the insufficiency of the evidence claims." *Bonilla v. Griffin*, No. 16-CV-3676, 2019 WL 3842599, *8 (E.D.N.Y. Aug. 15, 2019) (citing *Galdamez v. Keane*, 394 F.3d 68, 74 (2d Cir. 2005); *Grey*, 933 F.2d at 120); *see also* Dkt. No. 17 at 10 n.3. Additionally, Petitioner has not offered a basis to excuse his procedural default with respect to the constitutional claim that evidence was legally insufficient to support his murder conviction. Dkt. No. 17 at 11. Accordingly, Petitioner's third claim is forfeited.

As such, the Court agrees with Magistrate Judge Stewart's conclusion that Petitioner's claims can be dismissed solely based on the procedural reasons discussed.

### *2. Merits of the Petition*

While Petitioner's claims can be dismissed solely based on the grounds set forth above, Magistrate Judge Stewart also addressed the merits of Petitioner's claims; the Court agrees with his analysis and will address each claim in turn.

Petitioner's first claim seeks relief based on the lack of evidence to corroborate the testimony of Randolph Brown. *See* Dkt. No. 1 at 6; Dkt. No. 12-7 at 36–40. "Petitioner has not identified a parallel federal constitutional right requiring the same corroboration, nor does one appear to exist." *Dann v. Rabideau*, No. 9:05-CV-0969, 2008 WL 2704900, *6 (N.D.N.Y. July 7, 2008) (citing *United States v. Elusma*, 849 F.2d 76, 79 (2d Cir. 1998) (quotation omitted)).

Petitioner's second claim alleges that his conviction was contrary to the weight of the evidence. *See* Dkt. No. 1 at 7; Dkt. No. 12-7 at 40–43. As stated previously, "[s]ince federal habeas corpus review is not available to remedy mere errors of state law, no cognizable federal issue is presented by a habeas claim challenging the weight of the evidence adduced at trial." *Chaplin v. Kirkpatrick*, No. 9:17-cv-718, 2018 WL 6605917, *4 (N.DN.Y. Dec. 17, 2018) (citing *Estelle,* 502 U.S. at 67–69; *Ward*, 509 F. Supp. 2d at 264 & n.3).

Petitioner's third claim alleges that the evidence was insufficient to support a conviction for murder. *See* Dkt. No. 1 at 7; Dkt. No. 12-7 at 44–46. To analyze the sufficiency of the evidence of a state conviction, "'[a] federal court must look to state law to determine the elements of the crime.'" *Ponnapula v. Spitzer*, 297 F.3d 172, 179 (2d Cir. 2002) (citation omitted). A habeas petition challenging the evidentiary sufficiency of a state-court conviction fails if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). This standard

places a "'heavy burden'" on a habeas petitioner. *See United States v. Parkes*, 497 F.3d 220, 225 (2d Cir. 2007) (quotation and other citations omitted).

Petitioner claims a lack of evidence exists because Randolph Brown testified that he did not see Petitioner with a gun, see Petitioner go upstairs with the victim, or see Petitioner take anything on the date in question. *See* Dkt. No. 1 at 7. The Appellate Division found that the verdict was supported by legally sufficient evidence. *See People v. Blackshear*, 125 A.D.3d at 1385. In finding legally sufficient evidence to support Petitioner's conviction, the Appellate Division recounted the evidence as follows:

> a witness testified that defendant came to her apartment shortly after the incident carrying a .44 caliber revolver, the same caliber as the weapon used in the murder, according to the trial testimony of a firearms examiner. Furthermore, the witness heard defendant say that he had shot the victim and "c[ouldn't] believe what [he] did today." The People also presented evidence, which the jury reasonably could have credited, that defendant's DNA was found on a $100 bill that they alleged was stolen from the murder victim.

*Id.* The Appellate Division, therefore, held that "contrary to [Petitioner's] contention, the evidence, viewed in the light most favorable to the People, is legally sufficient to support the conviction. Viewing the evidence in light of the elements of the crimes as charged to the jury we conclude that the verdict is not against the weight of the evidence." *Id.* (internal citations omitted). As such, it is clear that the evidence submitted at trial was sufficient to establish all of the elements necessary to convict Petitioner.

Petitioner's fourth claim alleges that the trial court erred in admitting an Xbox, video games, red book bag, and black box stolen by Randolph Brown. *See* Dkt. No. 1 at 7; Dkt. No. 12-7 at 47–49. "A State court's evidentiary rulings, even if erroneous under State law, generally do not present constitutional issues cognizable in a habeas corpus petition." *Linton v. Bradt*, 775 F.

Supp. 2d 574, 577 (E.D.N.Y. 2011) (citing *Crane v. Kentucky*, 476 U.S. 683, 689 (1986)). "Rather, the writ would issue *only* where petitioner can show that the error deprived [petitioner] of a *fundamentally fair* trial." *Taylor v. Curry*, 708 F.2d 886, 891 (2d Cir. 1983) (emphasis in original) (internal citations omitted). Petitioner alleges that, had the evidence not been allowed, the jury would have "had a different mind state than a guilty verdict." Dkt. No. 1 at 7. Petitioner offers nothing more in support of this allegation beyond the conclusory assertion that he suffered from undue prejudice because of the introduction of this evidence. "It is well-settled in this Circuit that vague and conclusory allegations that are unsupported by specific factual averments are insufficient to state a viable claim for habeas relief." *Kimbrough v. Bradt*, 949 F. Supp. 2d 341, 355 (N.D.N.Y. 2013) (citing *Skeete v. New York*, No. 1:03-CV-2903, 2003 WL 22709079, *2 (E.D.N.Y. Nov. 17, 2003)).

Petitioner's fifth claim alleges that the trial court failed to give a circumstantial evidence charge to the jury. *See* Dkt. No. 1 at 10; Dkt. No. 12-7 at 50–52. There is "no constitutional requirement that a state court issue a circumstantial-evidence instruction to the jury, even where the evidence presented is purely circumstantial." *Sorrentino v. Lavalley*, No. 12-CV-7668, 2016 WL 3460418, *4 (S.D.N.Y. June 21, 2016) (citing *Holland v. U.S.*, 348 U.S. 121, 139–40 (1954); *Parisi v. Artus*, No. 08-CV-1785, 2010 WL 4961746, *4 (E.D.N.Y. Dec. 1, 2010)).

Petitioner's sixth claim alleges that the trial court erred by failing to dismiss a juror who may have lied about a criminal history and who worked in the same hospital as the victim's mother. *See* Dkt. No. 1 at 10; Dkt. No. 12-7 at 52–61; Dkt. No. 12-5 at 33–43. "A federal habeas court can only overturn the trial court's finding of juror impartiality for manifest error." *Sweeney v. Superintendent of the Watertown Corr. Facility*, No. 06-CV-0663, 2007 WL 2176987, *6 (E.D.N.Y. July 27, 2007) (citing *Patton v. Yount*, 467 U.S. 1025, 1031 (1984)). The Appellate

15

Division found that the trial court conducted "a probing and tactful inquiry into the facts of the situation. Defense counsel thereafter stated that he was satisfied with the court's inquiry and did not ask that the juror be disqualified. Moreover, there is nothing in the record establishing that the court, which had the opportunity of observing and speaking with the juror firsthand, did not properly conclude that the juror was qualified to serve." *People v. Blackshear*, 125 A.D.3d at 1386 (internal quotations and citations omitted). Because the "decision of the Appellate Division 'was [not] contrary to, [n]or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States' at the time the Appellate Division rendered its decision nor 'was [the decision] based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding,' [Petitioner] is not entitled to relief. . . ." *Shaw v. Superintendent, Eastern Corr. Facility*, No. 9:11-cv-00887, 2012 WL 4854643, *8 (N.D.N.Y. Oct. 11, 2012) (quoting 28 U.S.C. § 2254(d)).

As such, the Court agrees with Magistrate Judge Stewart's conclusion that Petitioner's claims can also be dismissed on the merits.

**C.     Certificate of Appealability**

28 U.S.C. § 2253(c)(1) provides that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from – (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]"[1] 28 U.S.C. § 2553(c)(1). A court may only issue a Certificate of Appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2553(c)(2).

---

[1] Rule 22 of the Federal Rules of Appellate Procedure also provides that an appeal may not proceed in such actions "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1).

Since Petitioner has failed to make such a showing with regard to any of his claims, the Court declines to issue a Certificate of Appealability in this matter. *See Hohn v. United States*, 524 U.S. 236, 239–40 (1998) (quotation omitted). Further, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum-Decision and Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

### IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Stewart's October 30, 2019 Report-Recommendation and Order is **ADOPTED in its entirety** for the reasons set forth herein; and the Court further

**ORDERS** that the Petition is **DENIED and DISMISSED**; and the Court further

**ORDERS** that no Certificate of Appealability shall be issued with respect to any of Petitioner's claims; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Respondent's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: December 16, 2019
      Albany, New York

Mae A. D'Agostino
U.S. District Judge